IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KELLY                              *
        Plaintiff,
   v.                                      *   CIVIL ACTION NO. AW-07-2601

STATE OF MARYLAND                          *
ROBERT WISNER-CARLSON, ACTING
CLINICAL DIRECTOR                          *
CLIFTON T. PERKINS HOSPITAL
  CENTER                                   *
        Defendants.
                            ***

**MEMORANDUM**

This 42 U.S.C. § 1983 civil rights action seeks compensatory and punitive damages, alleging that Plaintiff's federal civil rights and rights under Maryland common law have been violated. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that Defendant Wisner-Carlson submitted an affidavit to the Circuit Court for Montgomery County in June of 2006 which "libel[ed]" him. He claims the affidavit improperly stated that Plaintiff suffers from several mental health disorders, including "false idiosyncratic" beliefs regarding the criminal charges filed against him as well as the behavior of counsel, the prosecutor, and the courts, a "supposed" plea bargain, his ability to represent himself, and his intellectual

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery, *see State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

abilities.  He also claims the affidavit improperly found that Plaintiff's mental illness causes him to be dangerous to himself and others.  *Id*.

Plaintiff levels bald assertions of due process and equal protection violations.   He further raises counts of libel and the negligent infliction of emotional distress.  While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed.

First, neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  Therefore, Plaintiff's claims against the State of Maryland are subject to dismissal.

Second, in order to state a claim for damages under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."  *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is

well settled that only "persons" may act under color of state law; therefore, a defendant in § 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va.1999) (regional jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ( claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit).  The Clifton T. Perkins Hospital Center is an inanimate object not subject to suit under § 1983.

Finally, Plaintiff's complaint as presented fails to articulate a constitutional claim against Defendant Wisner-Carlson.  Plaintiff's complaint essentially takes issue with the alleged findings entered in Wisner-Carlson's report.  His disagreement with the opinions offered in the report raises no colorable claims under the Due Process Clause[2] or other provisions of the U.S. Constitution.[3]

---

[2] Records show that Plaintiff was subject to a counseled hearing on the issue of his competency in 2004, was found incompetent to stand trial, and was committed to the Maryland Department of Health and Mental Hygiene ("DHMH").  *See Kelly v. State*, Civil Action No. AW-07-2036 (D. Md.) at Paper No. 5. He is housed at Perkins where he has been subject to periodic reporting and monitoring regarding his competence.  *Id*.  A hearing was held on January 17, 2007, to consider the report issued by the DHMH and a state judge determined that Plaintiff continued to meet the criteria for confinement under Md. Code Ann., Crim. Proc., §§ 3-104 to 3-108.  *Id*.  Another hearing is scheduled for January of 2008.  *Id*.  It therefore appears that Plaintiff has been provided due process with regard to his continuing confinement.

[3] Insofar as Plaintiff raises tort claims of negligence and libel, he may not use the civil rights statute to so do.  Moreover, due to the absence of diversity among the parties, a common law tort claim may not be heard in federal court.  *See* 28 U.S.C. § 1332.

For the aforementioned reasons, the court finds that Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[4] A separate Order shall be entered in compliance with the opinion set out above.[5]

Date: October 16, 2007                       /s/
                                      Alexander Williams Jr.
                                      United States District Judge

---

[4]     28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[5]     The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA"). Plaintiff is not a "prisoner" within the meaning of the PLRA. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity. *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.* The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.